UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY KINCAID,
a/k/a Sha-Teak A. Imani,

        Petitioner,

                                    CASE NO.  2:11-cv-11359

v.                                 HONORABLE LAWRENCE P. ZATKOFF

D. BERGH,

        Respondent.
_____/


**OPINION AND ORDER**

**(1) GRANTING PETITIONER'S MOTIONS
TO AMEND OR SUPPLEMENT HIS PLEADINGS** (dkt. #7, #8, and #12),

**(2) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL OF THE HABEAS PETITION** (dkt. #9), **AND**

**(3) DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, BUT**

**(4) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Timothy Kincaid, also known as Sha-Teak A. Imani, has filed a *pro se* habeas

corpus petition under 28 U.S.C. § 2254.  Also pending before the Court are respondent D. Bergh's

motion for summary judgment and dismissal of the habeas petition and Petitioner's three motions

to amend or supplement his habeas petition and his reply to Respondent's motion.  Petitioner's

motions to amend or supplement his pleadings are granted, but because his habeas petition is both

time-barred and meritless, Respondent's motion for summary judgment or dismissal likewise is

granted.

# I.  BACKGROUND

## A.  The Charges, Convictions, Sentence, and Direct Appeal

The pleadings and record before the Court indicate that, on June 4, 1978, Petitioner and a co-defendant shot and killed three people and severely injured a fourth person at a residence on Ferguson Street in Detroit.  Petitioner was sixteen years old at the time.  Following his arrest, he was taken to the Wayne County Youth Home, and proceedings were initiated in juvenile court. Petitioner escaped from the home on June 27, 1978, before the juvenile court could conduct a hearing.  In 1981, Petitioner was arrested in California and returned to Michigan where he made an inculpatory statement to the police and agreed to waive the probate court's jurisdiction.

Petitioner subsequently was tried in the former Recorder's Court for the City of Detroit.  On April 27, 1982, a Recorder's Court jury found Petitioner guilty, as charged, of three counts of first-degree murder, Mich. Comp. Laws § 750.316, two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and one count of possessing a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b.  At the prosecutor's request, the trial court dismissed one count of assault with intent to commit murder.  The trial court subsequently sentenced Petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of life imprisonment for the murder convictions and sixty to ninety years in prison for the assault conviction.  The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Kincaid*, 136 Mich. App. 209 (1984), and on May 23, 1985, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Kincaid*, No. 74989 (Mich. Sup. Ct. May 23, 1985).[1]

---

[1]  Justice Charles L. Levin filing a dissenting opinion in which he stated that he would appoint counsel to file an application for leave to appeal in Petitioner's behalf.

### B.  The Post-Conviction Proceedings

In 1988, Petitioner filed a motion for relief from judgment regarding his confession and his trial attorney's failure to challenge the voluntariness of the confession.  The trial court denied Petitioner's motion, and the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and for failure to file a transcript.  *See People v. Kincaid*, No. 115061 (Mich. Ct. App. May 16, 1989).  On February 26, 1990, the Michigan Supreme Court again denied leave to appeal because it was not persuaded to review the issues.  *See People v. Kincaid*, No. 86772 (Mich. Sup. Ct. Feb. 26, 1990).

In 2006, Petitioner filed another motion for relief from judgment.  He argued, among other things, that the Recorder's Court lacked jurisdiction to try him because the probate court failed to waive jurisdiction in a proper manner.  The trial court found no merit in Petitioner's claims and denied his motion.  On February 1, 2008, the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Kincaid*, No. 279390 (Mich. Ct. App. Feb. 1, 2008).  Petitioner did not appeal that decision to the Michigan Supreme Court.

Meanwhile, in June or July of 2007, Petitioner allegedly discovered a reference to a criminal-sexual-conduct conviction in his parole eligibility or "lifer" report dated May 30, 2002.  On January 4, 2008, he filed a motion to vacate his sentence on the basis that he had newly discovered evidence of a prior uncounseled conviction, which was used to transfer probate court jurisdiction to Recorder's Court.  The trial court denied Petitioner's motion because the court file was unavailable and because all of Petitioner's previous post-convictions motions were denied.  The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court

3

Rule. 6.508(D), *see People v. Kincaid*, No. 290782 (Mich. Ct. App. Aug. 6, 2009), and on March 29, 2010, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Kincaid,* 485 Mich. 1125 (2010) (table).

### C. The Habeas Petition, Motions to Supplement or Amend, and Motion for Summary Judgment and Dismissal of the Habeas Petition

Petitioner filed his habeas corpus petition on April 1, 2011. He claims that the probate court transferred jurisdiction to Recorder's Court on the basis of criminal sexual conduct, which he did not commit. Before Respondent could file a responsive pleading, Petitioner filed two identical motions "to supplement order requiring responsive pleading." *See* dkt. #7 and #8.

On October 7, 2011, Respondent filed a timely motion for summary judgment and dismissal of the petition on the ground that the petition is barred from substantive review by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Petitioner filed a reply to Respondent's motion, and on March 9, 2012, he filed a motion to amend or supplement his reply to Respondent's motion. *See* dkt. #12. Because Petitioner's pending motions merely seek to supplement his pleadings with additional evidence, the motions to amend or supplement [dkt. #7, 8, and 12] are GRANTED.

## II. DISCUSSION

### A. The Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), because the habeas petition was filed after AEDPA was enacted on April 24, 1996. *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011) (citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997)), *cert. denied*, __ U.S. __, 132 S. Ct. 1575 (2012). AEDPA established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from

4

the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) - (D). The "limitation period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

## B. Application

Petitioner's convictions became final for purposes of § 2244(d)(1)(A) in 1985 when his direct appeal to the state courts came to an end and the deadline for seeking review in the United States Supreme Court expired. *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012). AEDPA's statute of limitations for habeas petitions became effective years later on April 24, 1996. Consequently, Petitioner was afforded one year from April 24, 1996, or no later than April 23, 1997, to file his habeas petition. *Stokes v. Williams*, 475 F.3d 732, 733-34 (6th Cir. 2007) (citing *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005)). He did not file his habeas petition until 2011. Therefore, the petition is time-barred under § 2244(d)(1)(A).

Petitioner argues in favor of a delayed start to the limitation period on the basis that he discovered new evidence in 2007. Petitioner purports to have new evidence that the probate court

relied on a nonexistent conviction or adjudication for criminal sexual conduct when the court decided to transfer Petitioner's juvenile case to Recorder's Court.

For the statute of limitations to begin running from the date a habeas petitioner discovered the factual predicate for his claim pursuant to § 2244(d)(1)(D), the petitioner must prove that he exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). The critical factor is not the date when the petitioner actually discovered the factual predicate for his claim. *Grayson v. Grayson*, 185 F. Supp.2d 747, 750 (E.D. Mich. 2002). "Rather, under [§ 2244(d)(1)(D)], a federal habeas claim accrues when a petitioner could have discovered it through the exercise of due diligence." *Alexander v. Birkett*, 228 F. App'x 534, 536 (6th Cir. 2007).

Petitioner claims that he discovered the factual predicate for his claim in mid-2007, when he reviewed a parole eligibility or "lifer" report, which mentions a prior conviction or adjudication for criminal sexual conduct. The report, however, is dated May 30, 2002, and it states that a copy was sent to Petitioner, to his counselor, to the institutional record office, and to the Central Office file. Petitioner therefore could have discovered the factual basis for his claim with reasonable diligence at least as early as 2002. And because there were no post-conviction motions pending in state court at the time, the period of limitation ran (under this theory of the case) until February 13, 2006, when Petitioner filed his second motion for relief from judgment. Thus, the statute of limitations ran more than one year even if the Court calculated the limitation period under the new-evidence provision of 28 U.S.C. § 2244(d)(1)(D).

### C.  Equitable Tolling

The next question is whether Petitioner is entitled to equitable tolling of the limitation period.

2:11-cv-11359-LPZ-MJH   Doc # 13   Filed 05/16/12   Pg 7 of 10   Pg ID 1485

The habeas statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). But a habeas "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

Petitioner has not been particularly diligent in discovering or pursuing his claim. He could have obtained the information supporting his claim years earlier, and he waited five months to file a post-conviction motion in state court after he allegedly discovered the factual basis for his claim. He also waited almost an entire year to file his habeas petition after the state courts concluded their review of his post-conviction motion,[2] and he has not shown that some extraordinary circumstance stood in his way of filing a timely habeas petition. Therefore, this case is not an appropriate one for equitable tolling.

### D. On the Merits[3]

---

[2] It appears that the limitation period was tolled from February 13, 2006, when Petitioner filed a motion for relief from judgment in state court until March 29, 2010, when the Michigan Supreme Court denied leave to appeal the trial court's decision on Petitioner's motion to vacate sentence. For this reason, the Court has not considered whether the one-year limitation period expired between June or July of 2007 when Petitioner allegedly discovered new evidence and March 29, 2010, when the Michigan Supreme Court issued its final decision denying leave to appeal.

[3] The Court may consider the merits of Petitioner's claim, because "the AEDPA 'statute of limitations defense . . . is not 'jurisdictional'"and "does not set forth 'an inflexible rule

Petitioner's claim lacks merit even if it is not time-barred. The essence of his claim is that the Recorder's Court lacked jurisdiction to try him because there was a defect in the bind-over hearing conducted in juvenile court. As explained in *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979), "[t]his allegation relates to a matter of State law and does not appear to present a federal constitutional question; if so, this issue cannot be raised in a federal habeas corpus proceeding." *Id.* at 591.

Furthermore, there is no reason to believe that the trial court relied on a criminal-sexual-conduct conviction or adjudication when deciding whether to transfer jurisdiction to Recorder's Court. Petitioner apparently was charged with two counts of criminal sexual conduct and other crimes in 1978, but those charges were not resolved before Petitioner was charged with the crimes that form the basis for this case. He absconded shortly after being charged in the murder, assault, and felony firearm case, and he was not re-arrested until September of 1981. *See* motion requesting permission to amend/supplement, dkt. No. 12, Ex. 2.

On September 16, 1981, a hearing was held in probate court to consider the prosecution's motion to waive jurisdiction so that Petitioner could be tried as an adult for murder, assault with intent to commit murder, and felony firearm. Petitioner and his mother entered a stipulation at the hearing, establishing that there was probable cause to believe Petitioner was guilty of the charged crimes. The probate court then determined that a waiver of jurisdiction would be in Petitioner's and the public's best interests. In reaching this decision, the probate court mentioned Petitioner's prior record, but said nothing about a criminal-sexual-conduct conviction or adjudication. Nor does it appear that Petitioner could have been adjudicated or convicted of criminal sexual conduct by

---

requiring dismissal whenever' its 'clock has run.'" *Holland*, 130 S. Ct. at 2560 (quoting *Day v. McDonough*, 547 U.S. 198, 205, 208 (2006)).

September of 1981. He absconded for three years shortly after being charged with that offense and before the charges were resolved.

It appears more likely that the probate court was referring to Petitioner's prior record for offenses committed in 1976 and 1977. Petitioner was placed on probation in 1976 for possessing a gas-injecting device. *See id.* In the same year, Petitioner was arrested and charged with carrying a concealed weapon, unlawfully driving away an automobile, breaking and entering a business, felonious assault, breaking and entering, and attempted armed robbery. And, on February 16, 1977, he was convicted of entering without owner's permission. *See id.*

### III. CONCLUSION

Petitioner's claim that the probate court relied on a nonexistent or invalid conviction or adjudication for criminal sexual conduct when deciding whether to transfer jurisdiction to Recorder's Court is not supported by the record and lacks merit or is not cognizable on habeas review. In addition, the habeas petition is time-barred because Petitioner filed the petition beyond the one-year limitation period and because he is not entitled to equitable tolling of the statute of limitations. Consequently, Respondent's motion for summary judgment and dismissal [dkt. #9] is **GRANTED,** and the habeas corpus petition [dkt. #1] is **DISMISSED** with prejudice. As previously noted, Petitioner's motions to amend or supplement [dkt. #7, 8, and 12] are **GRANTED** and were considered by the Court.

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal because he was granted leave to

9

proceed *in forma pauperis* in the District Court.  Fed. R. App. P. 24(a)(3)(A).

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 16, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 16, 2012.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

10